Raymond COBLE *v.* A.L. LOCKHART, et al.
David Hugh WILLIAMS *v.* A.L. LOCKHART, et al.

87-182 & 87-218 739 S.W.2d 164

Supreme Court of Arkansas
Opinion delivered November 9, 1987

*Appellant*, pro se.

No response.

PER CURIAM. Raymond Coble and David Hugh Williams have filed handwritten motions asking only to proceed in forma pauperis, for what purpose is not stated. We have held that handwritten briefs will be accepted where the petitioner shows that he has no access to a typewriter and makes a substantial showing that his suit has merit. See *Glick* v. *Lockhart*, 288 Ark. 417, 706 S.W.2d 178 (1986) and *Hayes* v. *Lockhart*, 288 Ark. 419, 706 S.W.2d 179 (1986). While movants have made no attempt to show that there is merit to their unstated claims, we do not deny the motions on that basis, but because the motions fail to comply with Rule 28 of the Rules of the Supreme Court and the Court of Appeals.

PURTLE, J., dissents.

JOHN I. PURTLE, Justice, dissenting. The appellant has filed a handwritten motion to proceed in forma pauperis and by handwritten pleadings and argument. The motion, which is subscribed and sworn to, establishes that the movant is in the Arkansas Department of Correction and that he has no funds in the institutional account assigned to him or anywhere else. Without question he is a pauper and almost as obvious is the fact that he does not have access to a secretary or a typewriter. It is sheer folly to deny petitioner's request because of his failure to comply with Rule 28, the pauper's oath, since everyone knows he is a pauper.

We had the same question before us in the case of *Glick* v. *Lockhart*, 288 Ark. 417, 706 S.W.2d 178 (1986), where we granted the appellant thirty days to submit a motion seeking permission to file handwritten briefs. On the same day we issued an opinion denying a similar petition. In the other case, *Hayes* v. *Lockhart*, 288 Ark. 419, 706 S.W.2d 179 (1986), this Court denied Hayes' motion because it was civil in nature and he had no absolute right to counsel. However, in *Hayes* we stated: "If the lack of a typewriter is hindering appellant's access to this Court, he may seek permission to proceed pro se with a handwritten brief." We have recognized the right of an inmate to represent himself. Such right has no value if the inmate is in fact precluded from proceeding in the courts.

We have made provision for acceptance of handprinted

briefs in some cases. Supreme Court Rule 11(h) at one point states: "The Clerk of this Court shall furnish the appellant with a copy of his counsel's brief, and advise the appellant that he has thirty days within which to raise any points that he chooses and that this may be done in typewritten or handprinted form and accompanied by his affidavit that he has not received any [paid] assistance from any inmate of the Department of Correction or of any other place of incarceration in the preparation of this response." The last quoted sentence relates to situations where the inmate's attorney has decided there is no merit to the appeal. However, there is no logical reason why it should not apply to the present situation.

Regardless of the fact that we seem to weave back and forth on the matter of appointment of counsel and acceptance of handprinted briefs, we cannot deny the fact that every individual is entitled to represent himself. These inmates are individuals and they have a Constitutional right to represent themselves in this Court. They cannot proceed if money is required or if their briefs must be typewritten. Therefore, we should grant the appellant the right to file a handwritten motion and brief in support of his claim for relief.

Procedurally, the appellant should be allowed to proceed in forma pauperis. He should be allowed to file a handwritten petition wherein he states the reasons he believes he is entitled to be heard. If merit is shown by the petition, the appellant should be allowed to proceed in this Court on handwritten briefs.

I also dissent in the motion of Troy L. Burns and Raymond Coble for the reasons stated above.